IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROAD SAFETY SERVICES, INC., and FORWARD TRAFFIC AND MARKING, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL GILBERTSON, CENTURY TRAFFIC, LLC, and EDUCATED SOLUTIONS CORP,<br><br>Defendants. | 8:25CV622<br><br>ORDER REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

In this action, plaintiffs Road Safety Services, Inc., (RSS) and Forward Traffic and Markings, LLC, (Forward Traffic) bring this action seeking damages and other relief against a former employee, defendant Michael Gilbertson, his current employer, defendant Century Traffic, LLC, (Century Traffic), and a recruitment company, Educated Solutions Corp (Educated Solutions) alleging various claims arising from Gilbertson's alleged violations of contractual agreements and duties and all Defendants' alleged tortious interference with Plaintiffs' contractual relationships. Filing 1. This case is now before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Filing 25. The Court addresses in this Order only the Motion for Temporary Restraining Order (Motion for TRO).

Plaintiffs seek the same relief on a TRO and a subsequent preliminary injunction. Filing 25 at 2–3. Specifically, they request that the Court order:

> A.   Gilbertson to comply with his restrictive covenants from his Proprietary Matters Agreement, including: (1) immediately ceasing any direct or indirect solicitation of Company employees with whom he worked or had contact during the twelve months preceding his departure from Forward Traffic; (2) immediately ceasing any direct or indirect solicitation or servicing of Company customers with whom he had had personal contact and did business with during the twelve (12) month period immediately prior to his separation from Forward Traffic;

1

and (3) refraining from using or disclosing the Company's confidential and proprietary information.

B. Century Traffic, Educated Solutions, and Gilbertson to cease and refrain from any intentional interference with the Company's contractual relationships, including: (1) inducing Company employees (such as Gilbertson) to breach restrictive covenants or depart in violation of contractual obligations; and (2) targeting the Company's customer relationships through the use of Company confidential information or other improper means.

C. Preservation of evidence related to solicitations, customer communications, and any Company confidential information in Defendants' possession, custody, or control, pending further order of the Court.

D. Such other and further relief as the Court deems just and proper to protect the Company's contractual rights and business relationships.

Filing 25 at 3.

The Court finds the sequence of events in this case to be critical to its determination of whether to rule on the Motion for TRO *ex parte* or only after briefing by both sides and/or after a hearing. The Complaint and the Motion for TRO both allege that Gilbertson executed overlapping agreements with the Company containing certain restrictive covenant provisions. Filing 25 at 5 (citing Filing 1 at 5 (¶ 29)). These covenants consisted of a Proprietary Matters Agreement, which included post-employment non-solicitation and confidentiality obligations, and an Amended and Restated Limited Partnership Agreement, which included post-employment non-competition obligations. Filing 1 at 5–8 (¶¶ 29–35); Filing 25 at 5–7.

In both their Complaint and their Motion for TRO, Plaintiffs allege that in May 2025, Gilbertson quit working for Plaintiffs and began working for Century Traffic in the same line of work. Filing 1 at 8 (¶¶ 37–39); Filing 25 at 4. Plaintiffs allege that Gilbertson and Century Traffic engaged in a scheme to violate Gilbertson's post-employment obligations by targeting Plaintiffs' employees and customer with the goal of driving Plaintiffs out of business in Wisconsin. Filing 1 at 8–9 (¶¶ 37–46); Filing 25 at 7. Plaintiffs allege that Century Traffic and Gilbertson engaged

Educated Solutions to solicit and recruit Plaintiffs' employees promising those employees that Defendants would cover all legal fees if the poached employees were sued for breaching their restrictive covenants. Filing 1 at 9–10 (¶¶ 47–50); Filing 25 at 8. Plaintiffs allege that they sent Gilbertson a cease-and-desist letter on June 12, 2025, with a copy to Century Traffic. Filing 1 at 10 (¶ 51); Filing 25 at 8. Plaintiffs allege that Century Traffic responded on June 27, 2025, by falsely stating that Gilbertson was employed as a "trainer" so that his employment did not violate his post-employment obligations to Plaintiffs. Filing 1 at 10 (¶¶ 51–53); Filing 25 at 9.

Plaintiffs eventually filed their Complaint in this action on October 17, 2025. Filing 1. On December 3, 2025, they filed the Motion for TRO now before the Court. In the interim between those filings, Century Traffic and Gilbertson filed a Motion to Dismiss or, in the Alternative, to Transfer Venue pursuant Federal Rule of Civil Procedure 12(b)(2). Filing 19. Educated Solutions has been served but has not moved or pleaded in response to the Complaint. *See* Filing 11 (summons returned as to Educated Solutions).

Plaintiffs' current motion seeks "a temporary restraining order, and, thereafter, a preliminary injunction." Filing 25 at 1. Plaintiffs have also filed a Motion for Expedited Discovery "to prepare for a preliminary injunction hearing." Filing 26 at 1. The Court understands the desire to maintain the status quo with a TRO while pursuing discovery for the preliminary injunction, where even expedited discovery could require several weeks. Nevertheless, as mentioned above, the Court finds the sequence of events in this case to be critical to its determination of whether to grant a TRO *ex parte* or only after briefing and a hearing. The Court's concern is based on recognition by both the United States Supreme Court and the Eighth Circuit Court of Appeals of the importance of diligence in seeking injunctive relief. "[A] party requesting a preliminary injunction must generally show reasonable diligence." *Benisek v. Lamone*, 585 U.S. 155, 159

3

(2018); *Ng v. Bd.of Regents of Univ. of Minn.*, 64 F.4th 992, 997 (8th Cir. 2023) (unreasonable delay "is a sufficient basis to deny" a preliminary injunction); *see also Hotchkiss v. Cedar Rapids Cmty. Sch. Dist.*, 115 F.4th 889, 894 (8th Cir. 2024) (citing *Benisek* and *Ng*). While the delay between the filing of the Complaint and the filing of the Motion for TRO is about six weeks, not several months, there do not appear to be any different or additional facts that came to Plaintiffs' attention between the filing of the Complaint and the Motion for TRO, as indicated in the statement of the factual allegations above. In other words, there does not appear to the Court to be any reason that Plaintiffs could not have filed their Motion for TRO at the same time as or immediately after they filed their Complaint. Furthermore, the allegations show that it has been several months—since June at the latest until now—since Plaintiffs became aware of the conduct that is the basis for their Complaint and Motion for TRO. These circumstances suggest a lack of diligence and undermine the urgency of the need for a TRO. While this delay may not be sufficient to warrant denial of either the TRO or the preliminary injunction outright, it is more than sufficient for the Court to decline to enter a TRO *ex parte* rather than ruling on the Motion for TRO only after providing Defendants with the opportunity to brief the matter.

Consequently, the Court will set a briefing schedule on the Motion for TRO. The Court will also request the parties' input on whether a hearing is necessary to the disposition of the Motion for TRO or whether it can be submitted on written submissions without presentation of additional evidence or oral arguments.

Accordingly,

IT IS ORDERED that

1. Not later than Wednesday, December 17, 2025, Defendants shall file a response to Plaintiffs' Motion for TRO;

2. Not later than Friday, December 19, 2025, Plaintiff shall file any reply to Defendants' response;

3. Not later than Friday, December 19, 2025, the parties shall file notices to the Court on whether a hearing is necessary to the disposition of the Motion for TRO or whether it can be submitted on written submissions without presentation of additional evidence or oral arguments. The Court will thereafter determine whether and when to set a hearing on the Motion for TRO.

United States Magistrate Judge Ryan C. Carson will rule separately on Plaintiffs' Motion for Expedited Discovery, Filing 26, prior to the Court setting any briefing schedule or hearing on Plaintiffs' Motion for Preliminary Injunction.

Dated this 4th day of December, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

Dated this 23rd day of September, 2022.